IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **OSCAR EDGARDO-GUILLEN** | § | |
| | § | |
| **V.** | § | **A-12-CV-703 LY** |
| | § | **(A-10-CR-320(4) LY)** |
| **UNITED STATES OF AMERICA** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Oscar Edgardo-Guillen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. # 396); Movant's Memorandum in Support of the Motion (Dkt. # 400); Government's Response to the Motion (Dkt. # 405); and Movant's Reply to the Government's Response (Dkt. # 407)

## I.  BACKGROUND

On October 13, 2010, Oscar Edgardo-Guillen, pursuant to a plea agreement, pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B). On February 22, 2011, the District Court sentenced Edgardo-Guillen to 188 months of imprisonment, a four-year term of supervised release, a $100 special assessment fee. *See* Judgment and Commitment Order (Dkt. # 309). The District Court also ordered

Edgardo-Guillen to forfeit five guns, two cars and more than $18,000 in cash seized in connection with the arrest for this offense. See *Id.* at p. 7.

Although Edgardo-Guillen's notice of appeal was due on March 9, 2011, his attorney, Bradley Urrutia, filed the notice of appeal two days after the deadline expired, on March 11, 2011. Dkt. # 337. The Fifth Circuit treated the late notice of appeal as a motion for extension of time to file the notice and remanded the case to the District Court to determine whether excusable neglect or good cause existed. Dkt. # 342. On May 25, 2011, the District Court ordered Edgardo-Guillen to file an advisory with the Court explaining why the notice of appeal was not timely filed. Dkt. #344. However, Edgardo-Guillen's attorney failed to file such an advisory with the Court. On June 8, 2011, the District Court found that "Defendant failed to show the late filing is due to excusable neglect or good cause" and denied the implied request for an extension of time. Dkt. # 346. On August 8, 2011, the Fifth Circuit dismissed Edgardo-Guillen's appeal as untimely based on the District Court's findings. Dkt. # 359. On August 2, 2012, Edgardo-Guillen filed the instant Motion to Vacate under 28 U.S.C. § 2255, which the Court now addresses.

## II. ANALYSIS

In his § 2255 Motion, Edgardo-Guillen argues that he was denied the effective assistance of counsel when his counsel (1) directed him to enter into a Plea Agreement (2) failed to fully investigate his case; (3) failed to argue to the District Court that Edgardo-Guillen did not have constructive possession of the firearms or the ammunition, nor did he have foreseeable knowledge that the conspiracy leader would use a firearm in the commission of a crime; (4) failed to file a timely notice of appeal and neglected to file an advisory with the Fifth Circuit; and (5) failed to provide effective assistance at every critical stage of the case.

2

### III.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  However, a defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue and is cognizable pursuant to Section 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.*  A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999).  A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v.*

*Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999).  Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong.  Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  Therefore, the movant has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged ineffectiveness, he "would not have pleaded guilty and would have insisted on going to trial." *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)).

## IV.  ANALYSIS

The Court will first address Edgardo-Guillen's fifth ground for relief in which he argues that his attorney was ineffective because he failed to timely file a notice of appeal.  The record in this case shows that Edgardo-Guillen's counsel, Bradley G. Urrutia, filed a notice of appeal two days after the deadline for filing such a notice was due.  See Dkt. # 337.  The record also shows that Mr.

Urrutia failed to comply with the District Court's Order ordering him to file an advisory with the Court explaining why the notice of appeal was not timely filed. See Dkt. #344. As a direct result of these deficiencies, Edgardo-Guillen's direct appeal was dismissed as untimely. "The general rule announced in *Strickland* . . . is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel. In such a case, the petitioner need not demonstrate the typical *Strickland*-type prejudice, because prejudice is presumed." *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000). The Government concedes that because Mr. Urrutia failed to file a timely notice of appeal, Edgardo-Guillen was constructively denied assistance of counsel on appeal.

The Fifth Circuit permits out-of-time appeals "when a defendant was denied the assistance of counsel on appeal, through counsel's failure to perfect an appeal." *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001). In *West*, the Fifth Circuit set forth the relevant protocol for granting an out-of-time appeal pursuant to § 2255 motion. Thus, the Court warned that strict compliance with the Federal Rules of Appellate Procedure is "imperative" as "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal." *Id.* at 459 (emphasis in original). Accordingly, the district court must dismiss the § 2255 motion without prejudice and reinstate the petitioner's judgment of conviction to reset the appeal period. *Id.* This approach "remedies counsel's deficiency in failing to file the requested appeal by providing the petitioner the opportunity to file a notice of appeal from the re-imposed sentence within the 10 days mandated by Federal Rules of Appellate Procedure 4(b)(1)(A)(I)." *Id.* Both the Government and Edgardo-Guillen agree that this is the proper procedure to be followed in this case.

5

As the resolution of the out-of-time appeal may moot or otherwise affect the other grounds for relief set forth in Edgardo-Guillen's Motion, the Court will not address any of the other claims raised in the instant Motion at this time. *See United States v. Delco*, 2011 WL 2531093 at * 3 (E.D. La. June 4, 2011).

## V. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Oscar Edgardo-Guillen's Motion under 28 U.S.C. § 2255 (Dkt. # 396). The Magistrate Court **FURTHER RECOMMENDS** that the District Court **ORDER** the Clerk of the Court to **REINSTATE** Oscar Edgardo-Guillen's Judgment, allowing Petitioner the opportunity to file an out-of-time notice of appeal. Petitioner's notice of appeal will be due within 14 days after the entry of the re-imposed Judgment, pursuant to Rule of Appellate Procedure 4(b)(1)(A)(I). The Court **FURTHER RECOMMENDS** that the District Court appoint new counsel on appeal simultaneously with its order on this Recommendation, so that Edgardo-Guillen has counsel to file and prosecute the appeal.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

6

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the resolution recommended herein, as it grants the relief requested by the Petitioner, and was agreed to by the Government.  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## VII.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of April, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE